**Iona DAVIS, Plaintiff–Appellant,**

v.

**AT&T WIRELESS, Defendant–Appellee.**

No. 05–0691.

United States Court of Appeals, Second Circuit.

Nov. 30, 2005.

---

Saul D. Zabell, Zabell & Associates, P.C., Bohemia, NY, for Appellant.

Todd J. Shill, Kelley Drye & Warren LLP (Eric Raphan, on the brief, James R. Hays, Rhoads & Sinon LLP, Harrisburg, PA, on the brief), New York, NY, for Appellee.

Present: OAKES, STRAUB, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff–Appellant Iona Davis ("Davis"), appeals from the February 2, 2005, judgment of the United States District Court for the Eastern District of New York (San-dra J. Feuerstein, *Judge*) upon a February 1, 2005, order granting the motion for summary judgment filed by Defendant–Appellee AT & T Wireless, and dismissing Davis's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.,* and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues.

We review the District Court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party, and determining whether the District Court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).

The District Court properly held that Davis failed to establish a *prima facie* case of age or gender discrimination as she failed to establish an inference of discrimination. Even if a court were to assume that a reasonable fact-finder would credit Davis's self-serving testimony contradicting her earlier alleged admissions of guilt, no reasonable juror could conclude from the evidence that William Golden ("Golden") and Davis were similarly situated employees; the conduct for which Golden was disciplined was not comparable to the conduct for which Davis was terminated. *See,*

e.g., *Cruz v. Coach Stores*, 202 F.3d 560, 568 (2d Cir.2000). Accordingly, summary judgment was properly awarded in favor of Defendant on Davis's Title VII, ADEA, and New York Human Rights Law claims, and her complaint was properly dismissed.

We have considered all of Plaintiff-Appellant's arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby **AF-FIRMED**.